(No. 74-216—

ILLINOIS BELLI & BELLI COMPANY, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF MENTAL HEALTH, Respondent.

*Opinion filed October 9, 1975.*

HOLDERMAN, J.

Claimant, Illinois Belli & Belli Company, is a corporation engaged in architectural design and engineering. On January 6, 1971, after successful bidding, it entered into a contract with the Department of General Services for professional architectural and engineering services for the Mental Retardation Facility in Waukegan, Illinois.

On April 15, 1971, Claimant entered into a supplementary agreement, this time with the Department of Mental Health, under which agreement Claim-

ant agreed to prepare for the Department's inspection and approval, design drawings and specifications for the Mental Retardation Facility at Waukegan which would detail each item of furniture and furnishings, assignments by item number, completely unit priced, with specifications providing for delivery, uncrating and set-up in place within the Facility and including supervision of the services. This agreement provided further that the Claimant would solicit and take bids on all items of furniture, which bids could be accepted or rejected by the Department. The Claimant was to be paid not to exceed $50,000 or 5% of the actual cost of the furnishings whichever was less. Claimant was to be paid as the work progressed. On June 4, 1971, Claimant forwarded a voucher to the Department based on completion of 25% of the work. The voucher was in the sum of $12,500 and was paid by the State. Later, on September 14, 1971, a voucher was sent for another payment. Claimant had then arrived at 50% completion stage. This voucher was never paid, nor has any other amount been paid to the Claimant under this second contract.

There is no claim being made here under the original contract, just under the subsequent contract covering the furnishings with the Department of Mental Health.

After the second contract was entered into, the Department of Mental Health advised the Claimant that solicitation of bids would be taken over by the Department of General Services, and this amendment to the contract was acceptable by the Claimant. The Department of Mental Health had requested and obtained from Attorney General an opinion which stated that the contract sued hereunder was illegal.

Since the Claimant did not have to solicit bids, it

did not have to perform fully under the contract. It alleges, however, that all other work other than processing the bidding was performed by it. It contends that 90% of the original work contracted for has been completed. It therefore makes claim here for the sum of $32,500, being the balance of the contract, based on a 90% completion of the work originally contracted for.

The Respondent denies any liability on the grounds that there was no competitive bidding in the first instance and that the "purported" contract between Claimant and the Department of Mental Health was an improper delegation of authority. The State contends that the contract was illegal because it violated the State Purchasing Act which provides for competitive bidding. Claimant takes the position that this second contract was an off-shoot of the original architectural contract, that this contract was for professional services, and, as such, was an exception under the Purchasing Act. See *Ill.Rev.Stat., Ch. 127, §132.6(a)(2)*.

No evidence was taken but the parties entered into a stipulation of facts. Further, the deposition of Edo J. Belli, President of Claimant corporation, taken September 16, 1974, was attached to the stipulation and incorporated by reference as part of the stipulation.

It appears from the whole record that Claimant had met often with members of the Department of General Services, the Department of Mental Health, State Architect, and attorneys for said Departments. It further appears that the modification of the contract, eliminating the taking of bids, was undertaken with the agreement of said Departments. There was no question in the record that the services were not satisfactory. It further appears from the record that 90% of the contract was properly performed.

It is the Court's opinion that the contract between the Claimant and the Department of Mental Health was a contract for professional services and, therefore, was not required to be put out for bids under *Ill.Rev.Stat., Ch. 127,§132.6.*

Claimant is awarded Thirty-Two Thousand Five Hundred Dollars ($32,500).